Richard G. Heston (SBN 90738)
rheston@hestonlaw.com
Heston & Heston, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
Tel: (949) 222-1041
Fax: (949) 222-1043

Benjamin R. Heston (SBN 297798)
ben@nexusbk.com
Nexus Bankruptcy
3090 Bristol Street, Suite 400
Costa Mesa CA 92626
Tel.: (949) 312- 1377
Fax: (949) 288-2054

Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**SUSAN JO WHITE,**<br><br>Debtor. | BK No.: 8:24-bk-10187-SC<br><br>Chapter 7<br><br>Adv No.: |
| **HOLLIE A. LEMKIN,**<br><br>Plaintiff,<br><br>v.<br><br>**SUSAN JO WHITE,**<br><br>Defendant. | **COMPLAINT TO DETERMINE NONDISCHARGEABILITY PURSUANT TO 11 U.S.C. §523(a)(6) AND OBJECTION TO DISCHARGE PURSUANT TO 11 USC §727(a)(4)(A)**<br><br>(Status Conference to Be Set by Summons) |

    Plaintiff, Hollie A. Lemkin, hereby brings this Complaint for a determination that a debt arising from a state court judgment owed by Debtor/Defendant, Susan Jo White is non-dischargeable pursuant to 11 U.S.C. §523(a)(6), and to object to the grant of a discharge pursuant to 11 U.S.C. §727(a)(4)(A).

1

## I.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §157, and 1334, and 11 U.S.C. §523. This adversary proceeding for a determination of dischargeability and objecting to the grant of a discharge is a core preceding pursuant to 11 U.S.C. §157(b)(2)(I).

2. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a) as this is the district and division in which the Chapter 7 case was filed.

3. Plaintiff consents to the entry of final orders and judgments by this Court on all issues raised herein.

## II.

## PARTIES

4. Plaintiff is an individual and a resident in the State of California and resides in Orange County.

5. Defendant is an individual and a resident of the State of California and resides in Orange County.

## III.

## GENERAL ALLEGATIONS

## FACTUAL BACKGROUND

6. Plaintiff is an attorney at law, duly admitted to practice before all courts of the State of California, State Bar Number 213355. Plaintiff does business individually and as a professional corporation, the Law Offices of Hollie A. Lemkin, APC.

7. Plaintiff previously represented Defendant as counsel in the proceeding for dissolution of marriage entitled "In re Marriage of White, Susan and Ross", case number 13D001018 ("the Divorce Case"), filed on February 1, 2013, in the Orange County Superior Court.

8. Defendant was dissatisfied with the outcome of certain issues in her Divorce Case. On July 24, 2017, subsequent to the entry of a judgment in the Divorce Case, Defendant commenced a civil proceeding for legal malpractice against Plaintiff in the Orange County Superior Court entitled "Susan J. White v. Hollie A. Lemkin, et al.", case number 30-2017-00933576-CU-PN-CJC ("the Legal Malpractice action"), in which Defendant sought to recover damages against Plaintiff based upon allegations of professional negligence, breach of fiduciary duty, and breach of contract. Plaintiff filed a cross-complaint in the Legal Malpractice action for unpaid fees incurred by Defendant in the Divorce Case.

9. The Legal Malpractice action proceeded to trial before the Hon. Mary Fingal Schulte (Ret.) ("Judge Schulte"), sitting by designation pursuant to an order of general reference. The Legal Malpractice action was tried over several days, commencing on September 14, 2020, and concluding on October 20, 2020. Judge Schulte found for Plaintiff on all causes of action and an amended judgment was entered on February 16, 2021, pursuant to which Defendant took nothing by way of her complaint in the Legal Malpractice action, and Plaintiff was awarded judgment on her cross-complaint in the amount of $306,347.04, together with costs, including attorney fees in the additional amount of $162,202.48, a total judgment against Defendant in the amount of $468,549.52 ("the Judgment").

10. In conjunction with the Judgment, Judge Schulte filed and served her Statement of Decision, in which she made specific findings that Defendant had admitted on multiple occasions during the trial of the Legal Malpractice action that she was not truthful in her testimony given in the Divorce Proceeding, falsely claiming that Defendant's false testimony was given based on advice of Plaintiff, and that as a result of the outcome of the Divorce Proceeding, Defendant was "beyond angry" and that such anger vented against Plaintiff was "the driving force in [the] legal malpractice suit". Judge Schulte further found that Plaintiff's representation of Defendant complied with the standard of care, she did not breach any of her fiduciary duties, and the fees and costs billed by Plaintiff to Defendant were reasonably and necessarily incurred.

11. At no time following the entry of the judgment in the Legal Malpractice action on

February 16, 2021, did Defendant attempt to make any payment of the damages awarded against her in favor of Plaintiff.

12. On April 8, 2021, 51 days after the entry of the judgment in the Legal Malpractice action, Defendant commenced a Chapter 7 bankruptcy proceeding in the Southern District of California ("Bankruptcy #1"). Defendant maintained that venue for the filing in the Southern District was based upon the "interests of justice", as Defendant did not reside in nor had she resided in the Southern District for any of the prior 180 days, nor did she maintain her principal assets in that district.

13. On July 7, 2021, Plaintiff filed a Motion for Order Dismissing or Transferring Case to Central District in the Southern District Bankruptcy Court. On August 23, 2021, the Hon. Laura S. Taylor, entered an Order granting the Amended Motion for Order Dismissing or Transferring Case to Central District, and the case was transferred to the Central District, where it was assigned to the Hon. Mark Wallace (Ret.). Judge Wallace recused himself from the case on the basis that he had a friendly and professional relationship with one of the other unrelated creditors, and the case was assigned to the Hon. Erithe Smith (Ret.). Upon the retirement of Judge Smith, the case was reassigned to the Hon. Scott Clarkson.

14. In Bankruptcy #1, Defendant claimed to be exempt from the Means Test on the basis that the debts incurred relating to her divorce, including the Judgment of $468,549.52, as well as other legal fees and expenses incurred during the course of the Legal Malpractice action, were non-consumer debts, which made up a majority of her total debt overall.

15. Plaintiff filed a motion seeking dismissal of Bankruptcy #1 pursuant to Bankruptcy Code §707(b). This motion was based on refuting Defendant's claim that her debts were primarily non-consumer debts and that if she maintained a reasonable budget she would have sufficient disposable income to pay creditors. The Court granted the §707(b) Motion and held, "After having reviewed the Motion, Opposition, Reply and request for judicial notice, the court adopts the analysis set forth in the Motion and Reply and incorporates the same herein."

16. Less than two months after Bankruptcy #1 was dismissed, Defendant filed another Chapter 7 petition ("Bankruptcy #2") despite the fact that there had been no changes to her

financial circumstances since the prior case was dismissed pursuant to Section 707(b). This time, the United States Trustee also sought dismissal under Section 707(b) on the basis that Defendant did not disclose all sources of income, and that if she did, her case would be presumptively abusive, and Defendant could not rebut the presumption. Ultimately, Defendant conceded the merit of the United States Trustee's argument and stipulated to dismissal under §707(b) with a 180-day bar against re-filing.

17. Following the dismissal of Bankruptcy #2, Plaintiff resumed enforcement proceedings in the state court, and sought to garnish Defendant's wages. Defendant opposed the garnishment through a claim of exemption, in which again she claimed to have a reasonable budget and no disposable income from which to pay her debt. Plaintiff timely objected to the claim of objection. Not only was her claim of exemption denied after many months of litigation, including conducting the examination of Plaintiff and her longtime boyfriend and companion, Robert Stidham, but she failed to appear at the hearing.

18. As a result of the delay caused by this frivolous claim of exemption, Plaintiff was only able to garnish several months of paychecks retroactively during the pendency of the proceedings to determine Defendant's claim of exemption from garnishment, before the garnishment terminated when Defendant left her employment. During that period of garnishment, Plaintiff garnished $24,399.61, representing the only payments made thus far upon the Judgment.

19. Upon cessation of the garnishment of Defendant's wages, Plaintiff sought and obtained an order for the judgment debtor examination of Defendant in the state court proceeding, which was scheduled to proceed on January 26, 2024. Having been served with the order for her examination, on January 25, 2024, Defendant again filed another Chapter 7 petition ("Bankruptcy #3").

20. In this most recent case, Defendant is again claiming that she is a "below median debtor" due to her not having employment during the 6-month lookback period, and therefore that Plaintiff lacks standing to seek dismissal under §707(b), which is exclusively vested in the Court and the United States Trustee.

21. At the Rule 2004 examination conducted on May 12, 2024, Defendant testified that although she included her longtime boyfriend and cohabitant Robert Stidham's contributions to the expenses of their shared household, she could not say how the amount was calculated or how she determined what contributions were "income" and which ones were "loans". Defendant claimed that she had reduced her expenses while she was unemployed, but was unable or unwilling to specify which expenses she had reduced. Presumably this is because Mr. Stidham's substantial income as the Chief Executive Officer of Franchise Dynamics, LLC enabled her to enjoy the same standard of living which had twice resulted in her being ineligible for Chapter 7.

## IV.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (11 U.S.C. 523(a)(6) – Willful and Malicious Injury)

22. Plaintiff hereby incorporates herein by reference the allegations contained in paragraphs 1 through 21.

23. As the State Court found, the unsuccessful Legal Malpractice action commenced by Defendant against Plaintiff was based upon unbridled anger and rage on the part of Defendant resulting from the outcome of the Divorce Case, in which she was subsequently found to have attempted to obtain a more favorable results by giving false and untruthful testimony.

24. At all times relevant hereto, Defendant was aware that the testimony that she had willfully given in the Divorce Case was untruthful and perjurious and given for the sole purpose of affecting and obtaining a favorable result, not otherwise obtainable as a result of truthful and accurate testimony.

25. At the time that Defendant commenced the Legal Malpractice action against Plaintiff, she acted willfully and with complete knowledge that the outcome of the Divorce Case had resulted from her attempt to obtain a favorable result to which she was not entitled, for which she attempted to influence the outcome by giving untruthful and perjurious testimony.

26. At the time that Defendant commenced the Legal Malpractice action against

Plaintiff, she did so for the sole purpose of harassing Plaintiff and attempt to wrongfully obtain a judgement against her, thereby seeking to inflict financial harm, and with knowledge that the defense of the Legal Malpractice Action would cause Plaintiff to incur substantial costs.

27. Notwithstanding the knowledge that the outcome of the Divorce Case was the result of her attempt to influence and affect the result by giving untruthful and perjured testimony, and with the knowledge and understanding that the commencement of the Legal Malpractice case would inflict financial damage and harm upon Plaintiff, Defendant nevertheless proceeded to commence the Legal Malpractice case, which in fact did result in a judgment against Defendant and in favor of Plaintiff, and the resulting award of $468,549.52 in costs and damages.

28. The debt owed to Defendant to Plaintiff is the result of Defendant's willful and malicious injury to Plaintiff's person and interest in property and is excepted from discharge pursuant to 11 U.S.C. §523(a)(6).

## SECOND CLAIM FOR RELIEF

### (11 U.S.C. §727(a)(4)(A) -Denial of Discharge for Making a False Oath)

29. Plaintiff hereby incorporates herein by reference the allegations contained in paragraphs 1 through 28.

30. At the time Defendant filed the petition and schedules in Bankruptcy #3, although she scheduled essentially all of the same claims as had been scheduled in Bankruptcies #1 and #2 in which she maintained that the majority of her debts were not consumer debts as defined by 11 U.S.C. §101(8), on this occasion she conceded that the debts are consumer debts. Accordingly, Defendant filed an Official Form 122A Chapter 7 Statement of Your Current Monthly Income ("Means Test") to demonstrate her eligibility for relief under chapter 7.

31. In Bankruptcy #3, Defendant Debtor filed schedules I and J in which she disclosed that she was employed as an Account Developer by Perficient, located at 555 Maryvale University Drive, St. Louis, MO 63141, where she was paid a monthly salary of $15,565.33, or an annual income of $186,783.96.

32. Defendant further claimed in schedule J that she had two dependent children, ages 13 and 15, who comprised her household of three. Defendant scheduled her monthly rent as $2,700.00, although her rent has been $5,400.00 for at least as long as these three bankruptcy cases have been pending, of which one half was paid from contributions from Robert Stidham. Such an understatement of the rent was made by Defendant in order to conceal disclosure of his contribution to the household expenses, and to avoid disclosure of him as a member of the household. At Debtor's Rule 2004 Exam, she claimed that Mr. Stidham's business is her co-tenant, which is why she listed her rent as being less than it actually is.

33. In Bankruptcy #3, Defendant filed an Official Form 122A-1 in which she listed $6,972.33 as all amounts paid from any source which are regularly paid for household expenses of Defendant and her dependents, including regular contributions from an unmarried partner, members of her household, dependents, parents and roommates. In addition, Defendant listed $1,147.50 of unemployment benefits, for a resulting total of $8,119.83, or an annual income of $97,437.96. Defendant included no income from employment. Debtor Defendant indicated there were three members of the household, as result of which the median household income in California was $105,130. By asserting that the combined annual household income from all sources was $97,437.96, or less than median, Defendant asserted there was no presumption of abuse.

34. Had Defendant fully disclosed, all household earnings and contributions, including those of longtime boyfriend and cohabitant Robert Stidham, as well as the four members of her household, Plaintiff maintains that the total amount of household income and true number of members of the household would have revealed that Defendant would not have "passed" the Means Test and would have been shown to have been ineligible for Chapter 7 relief. Given that Defendant is again arguing that the contribution she receives for half of her rent is not contribution income, the inclusion of these amounts would increase her annualized income by $32,400, which would put her well above median income.

35. On April 8, 2021 at the time Defendant filed Bankruptcy #1, she completed schedules I and J to reflect that she had reported monthly income of $15,660.58 from

employment. Defendant reported no contributions to income other than court-ordered monthly child support of $848.00. Defendant did accurately report that the rent expense per month was $5,400.00, for the same residence at which she resides at this time and claimed two dependence and a household of three.

36. On April 19, 2022 at the time Defendant filed Bankruptcy #2, she completed schedules I and J to reflect that she had reported monthly income of $14,180.00 from employment. Again, Defendant reported no contributions to income other than court-ordered monthly child support of $848.00. Defendant did accurately report that the rent expense per month was $5,400.00, for the same residence at which she resides at this time and claimed two dependence and a household of three.

37. Thereafter, Defendant twice filed amended schedules, but at no time did such amendments reflect the inclusion of contributions to the household income from Robert Stidham as an unmarried partner, other members of Defendant's household, roommates or other friends and relatives.

38. Thereafter, Defendant was examined on multiple occasions at the meeting of creditors pursuant to 11 U.S.C. §341(a). On these occasions, Defendant was specifically examined with respect to the persons who comprised her household, and the inclusion of any contributions made by other household members. On those occasions, Defendant testified under oath that the previously filed Schedules I and J were truthful and correct, and that other than her two minor children, there were no other members of the household, nor did any other person may contributions to the household income.

39. Further, during the examinations of Defendant, she was specifically asked whether Robert Stidham was a member of her household or otherwise contributed to the household income. Defendant unequivocally and without hesitation stated that Robert Stidham was not a member of household, had never been a member of her household, and other than perhaps making purchases of groceries on a handful of occasions, made no regular contribution to the household income.

40. Plaintiff maintains that at the time of filing all three Chapter 7 petitions Defendant

9

was cohabiting with her longtime boyfriend, Robert Stidham, and that he was gainfully employed and contributed to the household income.

41. Plaintiff maintains that Defendant and Robert Stidham have long maintained an intimate and personal relationship, and that Robert Stidham is currently and was at the time of the filing of the each of the three Chapter 7 cases a member of Defendant's household who has made and continues to make substantial financial contributions to the household income.

42. By concealing and falsely testifying concerning her relationship to Robert Stidham and his status as a member of Defendant's household, as well as his contributions to the household income, Defendant has made a materially false oath. By making such false oath, Defendant has sought to evade the requirements of 11 U.S.C. §707(b)(2)&(3), which require that she submit and pass the Means Test in order to be eligible for Chapter 7 relief, and that she not be engaged in the abuse of the provisions of the Bankruptcy Code.

43. Accordingly, Defendant has knowingly and fraudulently, in or in connection with each of the three Chapter 7 cases made a false oath, as a result of which Defendant's discharge should be denied.

## THIRD CLAIM FOR RELIEF

**(11 U.S.C. §727(a)(2)(A) -Denial of Discharge for Transferring or Concealing with Intent to Hinder, Delay or Defraud a Creditor Property of the Debtor)**

44. Plaintiff hereby incorporates herein by reference the allegations contained in paragraphs 1 through 43.

45. In the schedules filed in each of the three Chapter 7 petitions filed by Defendant since April 8, 2021, she has willfully and knowingly concealed the contributions of Robert Stidham to the expenses of the household in order to attempt to obtain a discharge, thereby hindering and delaying Plaintiff from enforcing the Judgment obtained in the defense of the legal malpractice suit brought by Defendant.

46. During the time between Bankruptcy #2 and Bankruptcy #3, and in connection with her unsuccessful attempt to exempt her earnings from garnishment in connection with the

Plaintiff's efforts to enforce Judgment in state court, on October 5, 2022, Defendant filed a claim of exemption and accompanying financial statement in support thereof in which she concealed the contributions of Robert Stidham to the expense of the household.

47. Accordingly, by concealing the contributions of Mr. Stidham, Defendant hindered, delayed, and defrauded Plaintiff in her efforts to enforce the Judgment through garnishment as a result of which Defendant's discharge should be denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find that the debt owed to Plaintiff is nondischargeable, that Defendant is not entitled to a grant of discharge, and enter judgment as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. That the debt in the amount of $475,096.37 owed to Plaintiff by Defendant be found to be the result of Defendant's willful and malicious injury and excepted from discharge pursuant to 11 U.S.C. §523(a)(6); and

### ON THE SECOND CLAIM FOR RELIEF

2. That Defendant be denied a discharge of all debts pursuant to 11 U.S.C. §727(a)(4).

### ON THE THIRD CLAIM FOR RELIEF

3. That Defendant be denied a discharge of all debts pursuant to 11 U.S.C. §727(a)(2).

///

///

///

///

**ON ALL CLAIMS FOR RELIEF**

4. For such other and further relief as the Court deems just and appropriate.

Date: June 12, 2024

HESTON & HESTON,
Attorneys at Law

RICHARD HESTON,
Attorney for Plaintiff