| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anerio V. Altman, Esq. #228445<br>Lake Forest Bankruptcy II, APC<br>26632 Towne Centre Drive #300<br>Foothill Ranch, CA 92610<br>Phone and Fax: (949) 218-2002<br>avaesq@lakeforestbkoffice.com | |
| ☐ Individual appearing without attorney<br>☒ Attorney for: DEFENDANT | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>SUSAN JO WHITE<br><br><br>HOLLIE LEMKIN, Plaintiff and Creditor<br><br>vs.<br><br>SUSAN JO WHITE, Defendant and Debtor<br><br><br>Debtor(s). | CASE NO.: 8:24-bk-01087-SC<br>CHAPTER: 7<br><br>**NOTICE OF MOTION FOR:**<br>MOTION TO DISMISS UNDER LRBP 7012(b)(6)<br><br><br><br>*(Specify name of Motion)*<br><br>DATE: 08/27/2024<br>TIME: 1:30 pm<br>COURTROOM: 5C<br>PLACE: 411 West Fourth Street, Santa Ana, CA 92701 |
|---|---|

1. TO *(specify name)*: HOLLIE LEMKIN, PLAINTIFF AND CREDITOR

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 1    F 9013-1.1.HEARING.NOTICE

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: 07/12/2024

LAKE FOREST BANKRUPTCY II, APC
Printed name of law firm

/S/ ANERIO V. ALTMAN, ESQ.
Signature

ANERIO V. ALTMAN, ESQ.
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                              Page 2                              F 9013-1.1.HEARING.NOTICE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 26632 Towne Centre Drive #300, Foothill Ranch, CA 92610

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*) Motion to Dismiss
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/12/2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/12/2024 | ANERIO V. ALTMAN, ESQ. | /S/ ANERIO V. ALTMAN, ESQ. |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*　　　　　　　　　　　Page 3　　　　　　　　　　　**F 9013-1.1.HEARING.NOTICE**

CM/ECF SERVICE

- **Richard G. Heston**  rheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com;HestonRR41032@notify.bestcase.com,handhecf@gmail.com
- **Karen S Naylor (TR)**  alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov

Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
26632 Towne Centre Drive #300
Foothill Ranch, CA 92610
Phone and Fax:  (949) 218-2002
avaesq@lakeforestbkoffice.com
Attorney for Debtor and Defendant
SUSAN WHITE

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>SUSAN JO WHITE<br><br>Debtor.<br><br>HOLLIE A. LEMKIN<br><br>Plaintiff,<br><br>v.<br><br>SUSAN JO WHITE<br><br>Defendant | Case No.: 8:24-bk-10187-SC<br><br>Chapter 7<br><br>Adv No.:  8:24-ap-01087-SC<br><br>**DEBTOR AND DEFENDANT SUSAN JO WHITE'S MOTION TO DISMISS PURSUANT TO 7012(b)(6)**<br><br>**JUDGE:**<br>HON. SCOTT CLARKSON<br><br>**Hearing Date:**<br>Date:   August 27th, 2024<br>Time:  1:30 P.M.<br>Place:  411 West Fourth Street #5C, Santa Ana, CA 92701 |

**MOTION TO DISMISS**

**TO THE HONORABLE BANKRUPTCY JUDGE SCOTT CLARKSON, TO THE UNITED STATES TRUSTEE, TO THE CHAPTER 7 TRUSTEE, AND TO THE PLAINTIFF HOLLIE A. LEMKIN:**

Debtor and Defendant SUSAN JO WHITE ("DEBTOR") brings this Motion to Dismiss pursuant to 7012(b)(6) as to the Plaintiff's first and third causes of action.

**I.    PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD BE DISMISSED**

The Plaintiff's first cause of action arises 11 U.S.C. Sec. 523(a)(6) and should be dismissed under Federal Rule of Bankruptcy Procedure 7012(b)(6).

**A.    7012(b)(6)**

Under Federal Rule of Bankruptcy Procedure 7012(b)(6), a party may move to dismiss a claim for failure to state a claim upon which relief may be granted. The motion may be based on either a lack of a recognizable legal theory or sufficient facts "alleged under a cognizable legal theory." Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). In ruling on a motion to dismiss, the court must accept as true the well-pled factual allegations of the complaint, and draw all reasonable inferences in the plaintiff's favor. "Thomas v. Mundell, 572 F.3d 756, 760 (9th Cir. 2009)" Conclusions of law, conclusory allegations, unreasonable and unwarranted inferences or deductions need not, however, be accepted. Barapind v. Reno, 72 F. Supp. 2d 1132, 1141 (E.D.Cal. 1999). Instead, the factual allegations in the complaint must state a claim for relief that is factually plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atlantic Corp. v. Twomby, 550 U.S. 544 (2007). Twomby and Iqbal highlight the need to allege sufficient, factual allegations and avoid formulaic recitations of the elements of the claim for relief. A complaint must allege facts which will establish a plausible, not a possible claim for relief. A complaint alleges facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." <u>Twomby</u>, 550 U.S. at 557. Bare assertions that "do nothing more that state a legal conclusion-even if that conclusion is cast in the form of a factual allegation" are discounted. <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009). Determining whether a complaint states a plausible claim is a "context-specific task that requires the court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S. Ct. at 1950. In sum, "to pass the *Iqbal* standard, a complaint must add some meat to the bones and provide some factual context for the Court to infer that the plaintiff has a plausible claim for relief." <u>FIA Card Services, N.A. v. Karagianis (In re Karagianis)</u>, 2009 WL 4738188 at *2 (Bankr.D.N.H. Dec. 4, 2009).

        B.        Alleged Facts Supporting the Plaintiff's First Cause of Action under 11 U.S.C. Sec. 523(a)(6)

For the purpose of this Motion, the facts alleged by the Plaintiff as the non-moving party should be presumed to be true. "<u>Thomas v. Mundell</u>, 572 F.3d 756, 760 (9th Cir. 2009)"

Plaintiff's asserted facts, presumed true for this Motion, in support of its 523(a)(6) cause of action are as follows:

Plaintiff represented the Debtor in a family court proceeding "In Re Marriage of White, Susan and Ross", case number 13D001018 ("Family Court" proceeding"). <u>Complaint Page 2, Paragraph 6 & 7.</u>

The Debtor lost that proceeding or acquired a result she found dissatisfying. <u>Id at Page 3, Paragraph 8.</u>

The Debtor initiated a malpractice action against the Plaintiff "Susan J. White v. Hollie A. Lemkin, et al.", case number 30-2017-00933576-CU-PN-CJC ("Malpractice Action"). <u>Id.</u>

The Plaintiff cross-complained for attorney fees she was owed from the Family Court proceeding. <u>Id.</u>

2

**MOTION TO DISMISS**

The Plaintiff prevailed on the Malpractice Action. The Defendant took nothing by way of her complaint. The Plaintiff further prevailed on her cross complaint for her attorney fees owed from the Family Court proceeding in the additional amount of $162,202.48 for a total judgment amount of $468,549.52. Id, Page 3, Paragraph 9.

Plaintiff alleges that the Family Court judge Schulte filed and served her Statement of Decision in which she made specific findings that Defendant had found that the Defendant's malpractice action derived from extreme anger. Id, Page 3, Paragraph 11.

   C. Plaintiff's Cause Of Action Under 11 U.S.C. Sec. 523(a)(6) Should be Dismissed under Federal Rule of Bankruptcy Procedure 7012(b)(6)

The Plaintiff has failed to plead sufficient facts to constitute a cause of action under 11 U.S.C. Sec. 523(a)(6).

Plaintiff's first cause of action is to request a determination that the Creditor's claim for attorney fees incurred in the Family Court proceeding, not costs incurred in defending the Malpractice Action, is nondischargeable under 11 U.S.C. Sec. 523(a)(6). A debt can be determined to be non-dischargeable under 11 U.S.C. Sec. 523(a)(6) ("523(a)(6)") where it is derived from a "malicious injury":

> "A malicious injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" *Su*, 290 F.3d at 1146-47, quoting *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001). "Within the plain meaning of this definition, it is the wrongful act that must be committed intentionally rather than the injury itself." *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1106 (9th Cir. 2005), citing *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 791 (9th Cir. 1997)("This four-part definition does not require a showing of biblical malice, i.e., personal hatred, spite, or ill will. Nor does it require a showing of an intent to injure, but rather it requires only an intentional act which causes injury."). "Malice may be inferred based on the nature of the wrongful act." *Ormsby*, 591 F.3d at 1206, citing *Transamerica Comm. Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 554 (9th Cir. 1991)(determining that, in the case of conversion, malice may be inferred).

Plaintiff's Complaint fails to plead sufficient facts under the elements listed by the

Jercich factors.

### 1. Plaintiff has Failed to Plead that the Defendant Committed a Wrongful Act

The Plaintiff failed to plead what wrongful act the Defendant committed.

The Plaintiff has plead that the Defendant lost her malpractice action and that the Judge opined in dicta that the Defendant's malpractice case proceeded from a place of anger. Complaint, Page 3, Paragraph 10. What is missing however is the assertion of a judicial finding that the malpractice lawsuit itself was a wrongful act, or the statement that Defendant's filing of the malpractice action was without legal basis.

The Defendant's failure to prevail in a malpractice action does not, in and of itself, indicate that the action was brought in either bad faith or constitutes a malicious prosecution action. In each and every legal action, absent a settlement, there is a winner and loser. Each loser did not, even with a dark and angry heart, commit a wrongful act by failing to acquire a favorable court verdict.

Plaintiff has failed to clearly plead what was the wrongful act.

### 2. Plaintiff Failed to Plead Whether Defendant Intended to Commit a Wrongful Act

The Plaintiff has failed to plead that the Defendant did anything other than to exercise her legal rights and subsequently badly lose her case.

523(a)(6) requires that the Debtor intended the action that caused the harm. As discussed previously, the damages in question were the unpaid attorney fees from the Family Law proceeding and the collection thereof. Presuming, as the Complaint does, that the harm was the loss of attorney fees from the Family Court proceeding, alleging that Defendant intended this harm out of malice would be nonsensical; The Plaintiff would need to argue that the Debtor maliciously intended to incur attorney fees for the Family Court proceeding they ultimately thought they would lose from

4

**MOTION TO DISMISS**

the outset of the proceeding. Obviously, the Debtor intended to win the Family Law proceeding.

Presuming that the Plaintiff *intended* to argue that the Defendant caused the Plaintiff to incur costs related to the Malpractice Action, and that is the harm, the problem with the Plaintiff's argument in this regard is that the Plaintiff is arguing the Defendant intended the harm by exercising her rights to apply to the court for relief. By this argument, the Debtor could have won the malpractice lawsuit, with the same degree of anger, same alleged misrepresentations, caused the Plaintiff to incur attorney fees and costs, and still be determined to have intended malicious harm in a subsequent bankruptcy matter.

Absent a judicial finding that the Debtor engaged in the tort of malicious prosecution, or the granting of a SLAPP motion or some other judicial action determining the Malpractice Action is frivolous, the Debtor's actions in bringing the malpractice lawsuit were constitutionally protected.

Section 523(a)(6) excepts from discharge any debt arising from "willful and malicious injury by the debtor to another entity or to the property of another entity[.]" The creditor must prove both willfulness and malice. Ormsby v. First Am. Title Co. of Nev. (In re Ormsby), 591 F.3d 1199, 1206 (9th Cir. 2010). The willfulness analysis is separate from the malice analysis, and the two elements must not be conflated. Carrillo v. Su (In re Su), 290 F.3d 1140, 1146 (9th Cir. 2002).

The "willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Id.* at 1142; *see* Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 706 (9th Cir. 2008) ("A 'willful' injury is a 'deliberate or intentional **injury**, not merely a deliberate or intentional **act** that leads to injury.'" (citation omitted)). This analysis requires an inquiry into the debtor's subjective state of mind. See In re Su, 290 F.3d at 1145-46. In other words, it is not enough to prove that the debtor acted intentionally and caused an injury. Kawaauhau v. Geiger, 523 U.S.

5

**MOTION TO DISMISS**

57, 61 (1998)." <u>Dickens v. Bradley</u> *(In re Dickens)* (B.A.P. 9th Cir., Aug. 17, 2022, BAP CC-21-1202-FSG) [pp. 15-16]

The Complaint does not assert that the Defendant's intention was to harm the Plaintiff at the exclusion of actually prevailing in court. If that were the case, the Defendant would have wanted to sue the Plaintiff for malpractice whether or not they prevailed. Litigants can be angry and want to harm one another, but antipathy only becomes prohibited if that was the sole reason for the basis of the litigation. Plaintiff did not allege that Defendant didn't care whether she won the Malpractice Action. There is no dispute that the Plaintiff won the malpractice suit, but there is no allegation that there was any finding that the malpractice suit was frivolous, or that it lacked legal merit. The Defendant had her day in court and lost. The Defendant's loss of her malpractice case against the Plaintiff is not tantamount to a wrongful act.

Even if the Defendant's prosecution of the malpractice action was argued to be reckless and driven by anger, as it was the exercise of a lawful right to apply to the court for relief and was not determined to be meritless or malicious prosecution, it could have prevailed, and thus it could not be pled as an intent to commit a wrongful act. "Indifference - reckless or otherwise - is insufficient to satisfy the § 523(a)(6) willfulness requirement. <u>See In re Barboza</u>, 545 F.3d at 707-08. " Defendant could have prevailed, but did not. That is the risk of any litigation.

Plaintiff has failed to plead Defendant had the intent to commit a wrongful act.

3.    Plaintiff Has Failed to Demonstrate an Injury

The Plaintiff has failed to plead that she suffered any damages *as a result of* the Defendant's malicious acts. Her alleged damages, per the Complaint, derived from 1. unpaid bills from the Family Court proceeding, and 2. costs incurred to collect the same. Per the complaint, they do not derive from defending the malpractice action.

**MOTION TO DISMISS**

1    Specifically, the Plaintiff's damages of $468,549.52 are derived from the award from the Plaintiff's Cross Complaint for her attorney's fees from the Family Court proceeding. <u>Complaint Page 3, Paragraph 9.</u> Those damages did not arise, or are not pled to have arisen, as a result of the malpractice action. <u>Id.</u> Those fees were derived from the Family Court proceeding, not the malpractice action and have nothing to do with the malpractice action which, per the Complaint, houses the Debtor's ire.

    To be found to be non-dischargeable, damages under 523(a)(6) must have been derived from, or been produced by, the anger and malice. Debts derived from "willful and malicious injury by the debtor to another entity or to the property of another entity" are not dischargeable by the debtor. 11 U.S.C. § 523(a)(6). A "willful and malicious injury" is an act that is done with the specific intent to cause injury. Kawaauhua v. Geiger, 523 U.S. 57, 61 (1998); In re Baldwin, 249 F.3d 912, 917 (9th Cir. 2001). <u>In re Farahmand</u> (Bankr. C.D. Cal., May 2, 2006, BK. No. SV 04-16883 MT, ADV No. 05-01060 MT) [pp. 11]

    If the damages derive from unpaid Family Court legal bills, the Plaintiff has not argued that the Debtor incurred these fees in Family Court out of malice. As a result, there are no facts plead in support of the damages claimed to be found non-dischargeable under 523(a)(6). Even assuming as true that the Family Court Judge found the Debtor to have been motivated by rage, that comment assessed her state of mind during the Malpractice Action, not the proceeding Family Court matter; There is no judicial comment supporting the allegation that she incurred the attorney fees owed in the Family Court out of spite.

    Therefore, Plaintiff failed to plead how the Debtor's ill will caused her any damages. Plaintiff's damages are contractual in nature and she has not pled otherwise.

    4.    Plaintiff Failed to Plead Facts Demonstrating that the Malpractice Action was Prosecuted without Just Cause or Excuse

Plaintiff failed to plead that the Malpractice action was prosecuted without just cause of excuse.

Plaintiff argues that the Defendant prosecuted the matter out of feelings of unbridled anger. Plaintiff further argues that the Defendant should have known that, as alleged, her misrepresentations in testimony in the underlying Family Court case would have disqualified her from acquiring a favorable result in her malpractice action.

Plaintiff's argument fails to plead that the Defendant had no intention to acquire a favorable verdict in the Malpractice Action. Plaintiff fails to plead that the Defendant could not have acquired a favorable verdict, and that the Defendant had no reason to proceed to trial. There is no dispute that the Plaintiff won and the Defendant lost, but the Plaintiff fails to plead that there was any finding that the Defendant's use of the courts was abusive or without merit. Plaintiff focuses on the allegation of, and issues of, false testimony without clarifying whether that was why the case was lost, or why the case could never have been won.

## II.    PLAINTIFF'S THIRD CAUSE OF ACTION UNDER 11 U.S.C. Sec. 727(a)(2)(a) SHOULD BE DISMISSED

The Complaint's cause of action stated under 11 U.S.C. 727(a)(2)(a) is defective on its face and should be dismissed pursuant to 7012(b)(6). 11 U.S.C. Sec. 727(a)(2)(a) states that:

> **(a)** The court shall grant the debtor a discharge, unless…**2)** the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-
> **(A) property of the debtor, within one year before the date of the filing of the petition**; 11 U.S.C. § 727(a)(2)(a) (Emphasis provided)

At issue is the proscription that such bad acts being limited to those actions having occurred within 1 year of the bankruptcy filing. Plaintiff focuses on events outside of that 1year limit. Plaintiff asserts as follows:

8

**MOTION TO DISMISS**

*"In the schedules filed in each of the three Chapter 7 petitions filed by Defendant since April 8th, 2021, she has willfully and knowingly concealed the contributions of Robert Stidham to the expenses of the household in order to attempt to obtain a discharge, thereby hindering and delaying Plaintiff from enforcing the Judgment obtained in the defense of the legal malpractice suit brought by Defendant."* <u>Complaint, Page 10, Paragraph 45.</u>

*During the time between Bankruptcy #2 and Bankruptcy #3, and in connection with her unsuccessful attempt to exempt her earnings from garnishment in connection with the Plaintiff's efforts to enforce Judgment in state court, on October 5th, 2022, Defendant filed a claim of exemption and accompanying financial statement in support thereof in which she concealed the contributions of Robert of Robert Stidham to the expense of the household.* <u>Id, Page 10, Paragraph 46 and Page 11.</u>

*Accordingly, by concealing the contributions of Mr. Stidham, Defendant hindered, delayed, and defrauded Plaintiff in her efforts to enforce the Judgment through garnishment as a result of which Defendant's discharge should be denied."* <u>Id, Page 11, paragraph 47.</u>

The petition in this case was filed on January 25th, 2024. Any bad acts complained of by the Plaintiff would have had to occur within 1 year prior to January 25th, 2024 for 727(a)(2)(a) to apply. According to the Complaint, the bad act in question occurred on October 5th, 2022. This was before January 25th, 2023 and over 1 year prior to the filing of the petition.

As such, Plaintiff's third cause of action should be dismissed for failing to state a claim upon which relief can be granted.

### III.    PRAYER

Defendant requests that the court grant the relief requested and dismiss the Complaint.

Dated: July 12th, 2024              Signed:<u>/S/ ANERIO V. ALTMAN, ESQ.</u>
                                                                    ANERIO V. ALTMAN, ESQ.
                                                                    ATTORNEY FOR DEFENDANT
                                                                    SUSAN JO WHITE